UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| HAIER US APPLIANCE SOLUTIONS, INC. d/b/a GE APPLIANCES, as successor-in-interest to the Appliances business unit of GENERAL ELECTRIC COMPANY <br><br> PLAINTIFF <br><br> v. <br><br> APPLIANCE RECYCLING CENTERS OF AMERICA, INC. <br><br> DEFENDANT | Case No. 3:17-cv-00242-TBR |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

The Motion to Dismiss for Lack of Personal Jurisdiction (DN 7) filed by Defendant, Appliance Recycling Centers of America, Inc. ("ARCA"), must be denied as ARCA is clearly subject to personal jurisdiction in Kentucky. In the first instance, Plaintiff Haier US Appliance Solutions, Inc. d/b/a GE Appliances ("GEA") properly brought its claim against ARCA for breach of the Forbearance Agreement between the parties in this Court pursuant to the venue provision of the Forbearance Agreement itself. In addition, ARCA is clearly subject to jurisdiction in Kentucky pursuant to the long-arm statute. *See* KRS 454.210. For the reasons stated below, as well as the arguments made in response to ARCA's Motion to Stay, which are incorporated herein by reference, ARCA's Motion to Dismiss must be denied.

ARCA and GEA entered into a Forbearance Agreement on March 9, 2016, to address ARCA's default to GEA under a separate Appliance Sales & Recycling Agreement dated October 21, 2009 between ARCA and GEA. *See* **Exhibit 1**, Affidavit of Christi Wantuck, ¶ 6. The Forbearance Agreement contained an express venue provision providing: "This Agreement will be

governed by, and construed in all respects in accordance with, the laws of the Commonwealth of Kentucky without regard to the conflicts of laws rules of any state. Any action relating to this Agreement shall be brought in the state or federal courts of Kentucky. In the event an action is brought relating to this Agreement, the Parties HEREBY WAIVE ANY RIGHT TO A TRIAL BY JURY AND CONSENT TO TRIAL BY THE COURT OF ALL ISSUES RELATING TO THIS AGREEMENT." *See id.*

As fully set forth in response to ARCA's Motion to Stay Litigation and incorporated herein, ARCA has not and will not be able to prove that the Forbearance Agreement between it and GEA is unenforceable. Moreover, to the extent ARCA intends to press its fraud argument, it is not precluded from doing so in this Court as the forum to which it agreed. The venue provision in the Forbearance Agreement, is controlling as to this Court's jurisdiction over the matter before it.

Additionally, even absent the venue provision of the Forbearance Agreement, personal jurisdiction over ARCA is proper in this Court, as clearly pleaded in the Complaint and properly supported herein. In a diversity case such as this one, the law of the forum state will govern whether the Court has personal jurisdiction over ARCA. *See* FED. R. CIV. PROC. 4 (k) (1); *see also Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 678 (6th Cir. 2012). Kentucky's long-arm statute provides that a court has personal jurisdiction over a corporation with regard to a claim arising from that corporation "1) transacting any business in this Commonwealth; 2) contracting to supply services or goods in this Commonwealth…" KRS 454.210(2)(a).

The Sixth Circuit goes further, "recognizing that a [due process] defect would foreclose the exercise of personal jurisdiction even where a properly construed provision of the long-arm statute would otherwise permit it. The relevant inquiry is whether the facts of the case demonstrate that the non-resident defendant possesses such minimum contacts with the forum state that the exercise of jurisdiction would comport with 'traditional notions of fair play and substantial justice.'" *Theunissen*

*v. Matthews*, 935 F.2d 1454 at 1459 (6th Cir. 1991). Three criteria apply: whether the defendant has taken advantage of the privilege of acting in the forum state, whether the cause of action arose in the forum state, and whether the consequences have a substantial enough connection with the forum state to make the exercise of personal jurisdiction reasonable. *See id.* at 1460.

ARCA admits that it does business and derives revenue in the state of Kentucky, which is dispositive of the matter. *See* Affidavit of Tony Isaac, ¶ 13, DN 7-2. In fact, ARCA operates a recycling facility in Kentucky. *See* **Exhibit 1**, Affidavit of Christi Wantuck, ¶ 5. The Forbearance Agreement provided for payment of ARCA's default to GE Appliances, a company with its principal place of business in Louisville, Kentucky. *See Complaint,* DN 1 at ¶ 2. As discussed in detail in GEA's Response to the Motion to Stay, GEA's claims in this action relate to ARCA's default on its payments due under the Forbearance Agreement, and those damages inure to GEA in Kentucky.

Based on these facts, ARCA has more than sufficient contacts with the state of Kentucky to support this Court's personal jurisdiction over ARCA. The Forbearance Agreement at issue specifically provides for jurisdiction over ARCA in Kentucky. Independently, ARCA has derived revenue in the state of Kentucky by its own admission and has availed itself of the risks and benefits of doing business in Kentucky. The basis for the instant suit – ARCA's default under the Forbearance Agreement – arose in Kentucky, due to the default to GEA. ARCA's connections with the state of Kentucky are substantial, and the exercise of personal jurisdiction over ARCA in this forum is proper both under the terms of the Forbearance Agreement, and applicable law.

WHEREFORE, GEA respectfully requests that ARCA's Motion to Dismiss for Lack of Personal Jurisdiction be denied.

Respectfully submitted,

FULTZ MADDOX DICKENS PLC
Phillip A. Martin
Elizabeth B. Alphin

　/s/　Elizabeth B. Alphin　
101 S. Fifth Street, 27th Floor
Louisville, Kentucky  40202-3116
(502) 588-2000
Fax: (502) 588-2020
pmartin@fmdlegal.com
ealphin@fmdlegal.com

*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

On June 21, 2017, I electronically filed this document through the ECF System, which will send a notice of electronic filing to:

Christopher E. Schaefer
STOLL KEENON OGDEN PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, Kentucky  40202

Mark J. Briol
William J. Carpenter
BRIOL & BENSON, PLLC
3700 IDS Center
80 South Eighth Street
Minneapolis, MN  55402

　/s/　Elizabeth B. Alphin　
*Counsel for Plaintiff*